Cevil BRYAN, Plaintiff in Error,

v.

Mattie M. CONNELLEY and Neal F. Connelley, Defendants in Error.

No. 36310.

Supreme Court of Oklahoma.

Nov. 27, 1956.

Rehearing Denied March 5, 1957.

J. Fred Green, Fred D. Green, Sallisaw, for plaintiff in error.

Roy Frye, Sr., Amellia P. Frye, Roy Frye, Jr., and W. S. Agent, Sallisaw, for defendants in error.

WELCH, Justice.

The plaintiffs alleged ownership of the property by succession as sole heirs of

Frank Connelley, deceased; that Frank Connelley at the time of his death was owner of the real estate under and by virtue of a certain tax deed.

The defendant filed a pleading stating therein that he is owner of the land involved; that he was the record owner of the land to the time the tax deed issued; that he furnished the money to the said Frank Connelley to purchase the tax deed to the property, with agreement that the tax deed would be taken in the name of Frank Connelley, but so held for the benefit of the defendant, and hence actual title to said property has always been and is now in the defendant. The prayer of the pleading was that plaintiffs take nothing under their petition and that the defendant's title to said property be quieted.

At trial a county treasurer's certificate tax deed was offered in evidence. It was admitted by the defendant that the said instrument on its face is valid and sufficient to show a conveyance of the lands involved to Frank Connelley. It was shown that about a month after the deed was issued Frank Connelley died, and that the plaintiffs are the heirs of Frank Connelley, deceased.

A deposition of the defendant was presented, but rejected by the court on the basis of an objection that the defendant is an incompetent witness in so far as his testimony relates to conversations and transactions had with Frank Connelley, the deceased.

The deposition recites testimony of the defendant to the effect that the defendant became the owner of the land involved about 1920. Thereafter taxes on the land became delinquent and prior to the issuance of the tax deed here involved the defendant had a conversation and transaction with Frank Connelley whereby and whereunder the defendant furnished the money and Connelley bought a tax deed to the land, it being understood and agreed between them that Connelley should hold such record ownership of the land only in accommodation to and for the benefit of the defendant. Shortly after such tax deed issued and before the defendant had made any request of Connelley to make any transfer of said record ownership of the land, the said Frank Connelley died.

A witness called on behalf of the defendant testified that on a certain occasion she was in the presence of the defendant and Frank Connelley who were discussing something about land; that the defendant said to the witness, "Frank is going down today to buy that land or fix it up or something." That she heard Connelley say that he was going to straighten it out and then he was going to deed it back to the defendant.

Another witness testified concerning a conversation between Frank Connelley and the defendant—"it was something or 'nother in regard to clearing a title, something or 'nother, anyway Frank said it wouldn't cost much more to put it in with some other land that he had."

With no present consideration to the deposition and testimony of the defendant as it pertains to his stated dealings with Frank Connelley, we find the record speaks of ownership and title to the lands in the plaintiffs by succession as the heirs of Frank Connelley, deceased, and, under the tax deed.

Judgment was for the plaintiffs quieting their title to the lands involved and against all claims of the defendant.

In appeal the defendant here contends the trial court erred in excluding the testimony of the defendant, and that the judgment for the plaintiffs is contrary to the law and evidence in the case.

It is apparent the trial court excluded the testimony of the defendant in a consideration of the provisions of 12 O.S.1951, § 384. This section sometimes referred to as the "Dead Man's Statute," provides:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such de-

ceased person, where such party has acquired title to the cause of action immediately from such deceased person * * *."

It is here argued that the defendant's testimony was directed to a defense against a cause of action asserted by the plaintiffs against him; that the statute, supra, has no 'application in that the defendant does not occupy the position of a party who has acquired title to the cause of action from the deceased person. There are cited various cases wherein this court has stated the section of statute, supra, is in derogation of the common law and must be strictly construed, and wherein it was held that the statute does not make a party an incompetent witness to testify in his own behalf in respect to a transaction with a deceased person where such party only seeks to defend against a cause of action asserted against him.

We adhere to the pronouncements in these cited cases. However, it must be noted that in the cited cases the cause of action, claim or demand was asserted in behalf of a legal representative of the heirs of a deceased person and against a party and resting on a transaction had by the deceased and such party. It was held such party was not precluded by the statute from testifying in his own behalf in respect to the transaction had with the deceased, which transaction was asserted as the cause of action against him. In short, the statute does not make him an incompetent witness when he only seeks to defend against a cause of action founded on a transaction with the decedent, or to deny the transaction upon which the suit was based.

Herein, the plaintiffs, as heirs in succession under a tax deed held by their decedent, sought only to quiet their title to the lands involved as against the defendant, who was the record owner before the tax sale. Plaintiffs assert no cause of action, claim or demand against the defendant based on any transaction had by the defendant with their decedent, and, admittedly, the tax deed is valid on its face.

The defendant sought to testify in respect to a transaction had between the defendant and the plaintiffs' decedent to show a right or interest of the defendant in the lands involved, the record title of which was in the decedent at the time of his death. Obviously, by such testimony in his own behalf in respect to transaction with the decedent, the defendant would assert a cause of action acquired from the decedent and against the heirs at law of the decedent.

We are of the opinion that the statute, supra, in clear and express terms prohibits a party to a civil action against the heirs at law of a deceased person from testifying in his own behalf in respect to any transaction between such party and the deceased person where the burden of such testimony is to establish a cause of action such party has acquired from the deceased person. Accordingly, herein we hold the testimony of the defendant was properly excluded.

Obviously, if the testimony of the defendant was allowed, and held sufficient to establish the cause of action asserted thereby, the ultimate result would constitute a defense of plaintiffs' action, but, nonetheless, the burden of the defendant's testimony as offered in the first instance was to establish a cause of action acquired from the decedent as against the estate of the decedent, or against the heirs of the decedent, and this the statute forbids.

The testimony of other witnesses for the defendant identify no certain land nor certain transaction between the defendant and the decedent pertaining to the certain land here involved.

We find the judgment entered is sustained by the clear weight of the evidence. The judgment is affirmed.

WILLIAMS, V. C. J., and CORN, HALLEY and JACKSON, JJ., concur.

DAVISON, J., concurs in result.

BLACKBIRD and CARLILE, JJ., dissent.